ISAAC FREDD, d. b. appellant *vs.* SPENCER D. EVES, p. b. respondent.

A husband is liable for his wife's contracts, only where his consent can be proved, or is implied by law.

Whilst they live together the law presumes his consent to her contracts for necessaries, if furnished on his credit.

Where the husband supplies necessaries, and gives notice, he is not bound on such contracts.

General notice by newspaper is not sufficient.

Where husband and wife live separate by agreement, he is liable for necessaries, unless he provides her a suitable allowance and pays it punctually; or unless she has otherwise a sufficient separate maintenance.

If the husband deserts his wife, or drives her away, or makes his house unfit for her to remain, he is liable.

Not so if she elopes, or goes away without lawful cause.

The books of a party being evidence, with his oath, of a sale and delivery of goods; he may be cross-examined on this point.

THIS was an appeal from the judgment of a justice of the peace against a husband, in an action of assumpsit, for articles furnished his wife, to wit, carpeting, table linen, clothing, muslin, &c. &c., whilst living in a state of separation.

The plaintiff was called to prove his books of original entries; and proved them. They contained regular charges against the defendant for articles sold.

The defendant proposed to examine him as to whom the goods were in fact sold and delivered; to which it was objected, that the defendant had no right to make him a witness against his will. The evidence was insisted on, upon the ground that the proof of a sale and delivery of goods by books was a statutory privilege to the plaintiff, but only extended to the case where the oath of the plaintiff corresponded with, and did not contradict his book.

*By the Court.*—The privilege of proving a sale of goods by book entry, and the plaintiff's oath, is a privilege ex necessitate; because

the actual delivery of goods cannot, in most cases, be remembered. But the oath of the plaintiff, ought, as far as it goes, to support the book entry; and where the plaintiff is admitted to support his book, it is the right of the opposite party to cross-examine him *on this point.* The provision of the act of assembly is, that the sale and delivery of goods, wares, and merchandize, may be proved by " the oath or affirmation of the plaintiff, together with a book regularly and fairly kept."

On the main question in this cause, the husband's liability, the court ruled the following principles:

Upon marriage, personal property of the wife in possession, belongs absolutely to her husband. He is entitled to the rents and profits of her real estate during their joint lives; and, in case he survives, having children by her, he is entitled to the rents and profits during his own life.

The wife, during coverture is, in general, incapable of acquiring property of her own, without the husband's consent. The earnings of her own personal industry belong to him. She can do no act, and can make no contract to bind her husband, without his express authority, or unless such an authority is implied by the law. Therefore, it is incumbent on a creditor who brings an action against a husband upon a contract made by his wife, to show that the husband has *expressly authorized such contract, or assented to it;* or to prove such facts or circumstances, as will raise a presumption of law, that the authority or assent of the husband was given to the wife to make such contract.

When husband and wife live together, he is bound to provide her with necessaries suitable to his condition and circumstances in life; and the law, from the mere *fact of cohabitation,* presumes the authority and assent of the husband to the wife's contracts for such necessaries; and, therefore, makes him liable, if they are *supplied on his credit.* But if they are supplied to the wife on *her* credit, and debited to *her,* and not to the husband, on the books of the store-keeper, &c., the husband is not liable. If the articles purchased by the wife, are such as cannot be considered as *strictly necessaries,* he is not liable, without showing his *express authority or assent* to such purchase.

Where a husband, during cohabitation, supplies his wife with necessaries, suitable to her condition in society, and expressly gives notice to storekeepers or tradesmen not to furnish her with goods, he is not liable even for necessaries supplied to her, subsequently to

such notice. But a general notice in a newspaper will not be sufficient to discharge the husband, without proof that the paper reached the party furnishing the goods.

Where husband and wife separate by their mutual agreement, and live apart by mutual consent, the husband is still liable for necessaries supplied to the wife, unless he has provided for her, an allowance for necessaries, suitable to his pecuniary means and condition in life, and regularly pays such allowance. If he has not provided such allowance, or does not pay it regularly, he is not discharged from the liability which the law imposes upon him of supporting his wife. If she has a sufficient separate maintenance, although no part of it is supplied by the husband, he will not be liable for necessaries, because she has means adequate to her support, according to her situation in life.

If a husband deserts his wife, or turns her away without sufficient cause, or compels her by cruelty, or ill-treatment, to leave his house; or where the wife's situation in her husband's house is rendered unsafe by reason of his cruelty or ill-treatment, and she is obliged to leave him under a reasonable apprehension of personal violence; or if by the indecency or gross immorality of his conduct, such as bringing a woman of loose character under his roof and putting her at the head of his table, he renders his house an unfit and improper residence for his wife; in each of these cases, the law considers the husband as giving the wife an authority to pledge his credit for necessaries; and he is under a legal obligation to pay the debts which she incurs for necessaries. By the common law, he is under an obligation to support his wife, from which he cannot exonerate himself by his own wrongful conduct.

Where a wife elopes from her husband, though not with an adulterer, nor in an adulterous manner; or where she leaves her husband without a justifiable cause, and continues to live separately from him, without his consent, and where he was willing to receive and provide for her in his own house; or if the wife commits adultery, and in consequence of which, the husband turns her from his house; or if after a voluntary separation by mutual consent, she be guilty of adultery; in any of these cases, the husband is not liable even for necessaries: nor in such cases, is the husband bound to give notice that he will not be liable; but storekeepers and tradesmen, are bound to make inquiries, and if they furnish goods to the wife, under such circumstances, they do so at their own peril.

*Wales* and *Bradford*, for plaintiff, cited, 1 *Esp. Rep.* 441; 8 *Car.*

*&. P.* 503; (34 *C. L. Rep.* 512;) *Rop. Hus. &. W.* 70; *Chitty on Cont.* 214; 12 *Mod. Rep.* 245, 346; 2 *Lord Ray.* 1066; *Paley on Agency* 81; *Smith L. Ca.* 312; 2 *Ashm. Rep.* 140; *Paley Mor. Ph.* 118, 121; 12 *Johns. Rep.* 248; 2 *Kent Com.* 147-8, *n.*

*Johnson, Patterson* and *Rogers,* for defendant, cited, 1 *Kent Com.* 146; 1 *Selw. N. P.* 270; *Roper* 69; 11 *Johns. Rep.* 311; 11 *Com. Law Rep.* 64; 12 *Ibid* 238; 12 *Law Recorder* 453.

Verdict for defendant.

*Wales* and *Bradford,* for plaintiff.

*Johnson, Patterson* and *Rogers,* for defendant.